CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSE ANTONIO TORRES,

                    Plaintiff,

  -against-

K & T PROVISIONS, INC. d/b/a K & T MEAT
MARKET, and ROBERT ELIODROMYTIS,

                    Defendants.
------------------------------------------------------------------X

Case No. 20 -CV-5642

**FLSA COMPLAINT**

**Jury Trial Demanded**

Plaintiff JOSE ANTONIO TORRES ("Plaintiff"), by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against defendants K & T PROVISIONS, INC. d/b/a K & T MEAT MARKET ("K & T PROVISIONS"), and ROBERT ELIODROMYTIS (collectively, "Defendants"), and states as follows:

**INTRODUCTION**

1.    Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), he entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) unpaid "spread of hours" premium for each day that Plaintiff's work shift exceeded ten (10) hours, (d) liquidated and statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (e) prejudgment and post-judgment interest; and (f) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is a resident of Queens County, New York.

6. Defendant, K & T PROVISIONS, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 37-11 Broadway, Astoria, New York, New York 11103.

7. Defendant, K & T PROVISIONS, owns and operates a meat market/butcher shop located at 37-11 Broadway, Astoria, New York, New York 11103 (the "Market").

8. Defendant, ROBERT ELIODROMYTIS, is the President and Chief Executive Officer of K & T PROVISIONS and, as such, is an owner, shareholder, officer, director, supervisor, managing agent, and proprietor of K & T PROVISIONS who actively participates in the day-to-day operations of the Market, and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with K & T PROVISIONS.

9. Defendant, ROBERT ELIODROMYTIS, exercised control over the terms and conditions of Plaintiff's employment in that he has the power to and does in fact: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, and (v) create and maintain employment records.

10. Defendant, ROBERT ELIODROMYTIS, is present at the Market on a daily basis, actively supervises the work of the employees, and mandates that all issues concerning the employees' employment – including hours worked and pay received – be authorized and approved by him.

11. At least within the three (3) most recent years relevant to the allegations herein, Defendant K & T PROVISIONS was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for

commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

12. The work performed by Plaintiff was directly essential to the business operated by Defendants.

13. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

14. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

15. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

16. Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

**STATEMENT OF FACTS**

17. Defendant, ROBERT ELIODROMYTIS, actively participates in the day-to-day operation of Market. For instance, Mr. Eliodromytis personally works alongside the employees, supervises and directs the work of the employees, and instructs them about how to perform their jobs.

18. In addition, Defendant, ROBERT ELIODROMYTIS, makes all crucial business decisions, including decisions as to the hiring and firing of employees, the number of hours the employees are required to work, and the amount and method by which the employees are paid.

19. In or about 2006, Defendants hired Plaintiff to work as a non-exempt sausage maker for the Market.

20. Neither at the time of hire nor anytime thereafter did Defendants provide Plaintiff with a written wage notice setting forth his regular hourly rate of pay and corresponding overtime rate of pay.

21. Plaintiff continuously worked for Defendants in such capacity until in or about August 2019.

22. Plaintiff worked over forty (40) hours per week.

23. Throughout the entirety of his employment, Plaintiff worked six (6) days per week, and his work schedule consisted of twelve (12) hours per day Monday through Saturday, from 6:00 a.m. until 6:00 p.m. Plaintiff did not receive a designated break for meals or rest.

24. Plaintiff was not required to punch a time clock or other time-recording device at the beginning and end of each work shift.

25. From the beginning of the relevant six-year limitations period in November 2014 and continuing through in or about June 2019, Plaintiff was not paid proper minimum wages and overtime compensation. During this period, Plaintiff was paid at the rate of $500 per week straight time for all hours worked, and worked seventy-two (72) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

26. Beginning in or about July 2019 and continuing through the remainder of his employment in or about August 2019, Plaintiff was not paid proper minimum wages and overtime compensation. During this period, Plaintiff was paid at the rate of $600 per

week straight time for all hours worked, and worked seventy-two (72) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

27. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff at the statutory minimum wage rate, in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

28. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

29. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff a "spread of hours" premium for each day that his work shift exceeded ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

30. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient time and pay records.

### STATEMENT OF CLAIM

#### COUNT I
#### [Violation of the Fair Labor Standards Act]

31. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "30" of this Complaint as if fully set forth herein.

32. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. § 207(a).

33. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

34. Upon information and belief, at least within each of the three (3) most recent years relevant to the allegations herein, Defendant K & T PROVISIONS has had gross revenues in excess of $500,000.

35. Plaintiff worked hours for which he was not paid the statutory minimum wage.

36. Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for hours worked.

37. Defendants failed to pay Plaintiff minimum wages in the lawful amount for hours worked.

38. Plaintiff was entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

39. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

40. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which

violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. § 207(a)(1).

41. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiff.

42. As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

43. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

44. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

45. Due to the reckless, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

46. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

47. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "46" of this Complaint as if fully set forth herein.

48. At all relevant times, Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

49. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

50. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiffs overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

51. Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours.  New York State Department of Labor Regulations § 142-2.4.

52. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each day his work shift exceeded ten (10) hours pursuant to New York State Department of Labor Regulations.

53. Defendants failed to properly disclose or apprise Plaintiff of his rights under the New York Labor Law.

54. Defendants failed to furnish Plaintiff with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3).

55. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

56. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 142-2.6.

57. At the time of their hiring, Defendants failed to notify Plaintiff of his rates of pay and his regularly designated payday, in contravention of New York Labor Law § 195(1).

58. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, unpaid overtime compensation, and unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

59. Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as statutory damages pursuant to the New York State Wage Theft Prevention Act.

## **PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiff JOSE ANTONIO TORRES, respectfully requests that this Court grant the following relief:

(a) An award of unpaid minimum wages due under the FLSA and New York Labor Law

(b) An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c) An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d) An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e) An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(f) An award of statutory damages pursuant to the New York State Wage Theft Prevention Act;

(g) An award of prejudgment and post-judgment interest;

(h) An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(i) Such other and further relief as this Court determines to be just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
       November 19, 2020

                                      Respectfully submitted,

                                      CILENTI & COOPER, PLLC
                                      *Attorneys for Plaintiff*
                                      10 Grand Central
                                      155 East 44th Street – 6th Floor
                                      New York, NY 10017
                                      T. (212) 209-3933
                                      F. (212) 209-7102

                              By: _____
                                    Giustino (Justin) Cilenti (GC2321)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, **Jose Antonio Torres**, am an individual formerly employed by **K&T Meat Market**, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
October 19, 2020

X _____
**Jose Antonion Torres**

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER
## LIABILITY FOR SERVICES RENDERED

TO: Robert Eliodromytis

PLEASE TAKE NOTICE that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Jose Antonio Torres and others similarly situated intend to charge you and hold you personally liable as one of the ten largest shareholders of K & T Provisions, Inc., for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporation for services performed by them for the said corporation within the six (6) years preceding the date of this notice and has expressly authorized the undersigned, as his attorneys, to make this demand on his behalf.

Dated: New York, New York
       November 19, 2020

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
10 Grand Central
155 East 44th Street – 6th Floor
New York, New York 10017
T. (212) 209-3933
F. (212) 209-7102

By: _____
    Justin Cilenti