UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

JOSE ANTONIO TORRES,                          :      Case No. 20-CV-5642
                                              :      (WFK) (PK)
                          Plaintiff,          :
                                              :
          -against-                           :
                                              :
K & T PROVISIONS, INC. d/b/a K & T MEAT       :
MARKET, and ROBERT ELIODROMYTIS,              :
                                              :
                          Defendants.         :

-------------------------------------------------------------------X

## PROPOSED JOINT PRETRIAL ORDER

**I.**    **FULL CAPTION**

          Jose Antonio Torres v. K&T Provisions Inc. d/b/a K&T Meat Market, and Robert
Eliodromytis, No. 20-CV-5642.

**II.**   **NAMES AND CONTACT INFORMATION OF TRIAL COUNSEL**

          Plaintiff's Counsel:

          Justin Cilenti, Esq.
          Cilenti & Cooper, PLLC
          60 East 42nd Street – 40th Floor
          New York, New York 10165
          T. (212) 209-3933
          F. (212) 209-7102
          E-mail: jcilenti@jcpclaw.com

          Defendants' Counsel:

          Albert Rizzo, Esq.
          Law Offices of Albert Rizzo, P.C.
          110 East 59th Street—22nd Floor
          New York, New York 10022
          T. (212) 679-5799
          F. (646) 496-9145
          E-mail: arizzo@rizzolawoffices.com

III. **STATEMENT AS TO BASIS OF JURISDICTION**

 **A. Plaintiff's Statement**

 Plaintiff states that the Court has jurisdiction pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1344, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

 **B. Defendants' Statement**

 Defendants do not contest the subject matter jurisdiction of this Court.

IV. **SUMMARY OF CLAIMS AND DEFENSES TO BE TRIED**

 Plaintiff alleges violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 et. seq. ("FLSA") and the New York State Labor Law §§ 190, et. seq. ("NYLL"), arising from Defendants' alleged failure to pay Plaintiff minimum wages, time-and-one-half overtime compensation for hours worked in excess of forty (40) per workweek, and "spread of hours" premium for each day Plaintiff's work shift exceeded ten (10) hours.

 **A. Plaintiff asserts the following FLSA Claims:**

 1. <u>Violation of Federal Minimum Wage Laws</u>.  Plaintiff asserts that Defendants failed to pay him at the federally mandated rate of at least $7.25 per hour for all hours worked per week up to forty (40) for the majority of his employment during the relevant period in dispute.  *See* 29 U.S.C. § 206(a)(1).  For all unpaid minimum wage claims under the FLSA, Plaintiff seeks compensatory and liquidated damages in an amount equal to that of his unpaid minimum wages, as well as prejudgment interest, attorneys' fees and costs, and such other and further relief as the Court deems just and proper.  *See* 29 U.S.C. § 216(b).

2.     <u>Violation of Federal Overtime Laws</u>.     Plaintiff asserts that Defendants failed to pay him at the FLSA overtime rate of time one-half for each hour worked per week in excess of forty (40) throughout the entirety of the relevant period in dispute.  *See* 29 U.S.C. § 207(a)(1); 29 C.F.R. § 778.107.  For all claims under the FLSA, Plaintiff seeks compensatory and liquidated damages in an amount equal to that of his unpaid overtime, as well as prejudgment interest, attorneys' fees and costs, and such other and further relief as the Court deems just and proper.  *See* 29 U.S.C. § 216(b).

**B.     <u>Plaintiff asserts the following NYLL Claims</u>:**

1.     <u>Violation of State Minimum Wage Laws</u>.  Plaintiff alleges that Defendants failed to pay him at or above the New York State minimum wage throughout the entire relevant period in dispute.  *See* N.Y. Lab. Law § 652; N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-2.1.

2.     <u>Violation of State Overtime Laws</u>.     Plaintiff alleges that Defendants failed to pay him at the New York State overtime rate of time and one-and-one-half for each hour worked per week in excess of forty (40) throughout the entire relevant period in dispute.  *See* N.Y. Lab. Law § 650; N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-2.2.

3.     <u>Violation of the New York State "Spread of Hours" Regulation</u>. Plaintiff asserts that he is entitled to "spread of hours" premium for each day in which the time between the start and end of Plaintiff's work shift exceeded ten (10) hours.  *See* N.Y. Comp. Codes R. & Regs. Tit 12, § 142-2.4.  It is Plaintiff's contention that Defendants failed to pay him a "spread of hours" premium for each work shift that exceeded ten (10) hours in length.

4.  <u>Violation of the New York State Wage Notice/Wage Statement</u>
<u>Requirement</u>.   Under the NYLL, employers are required to notify employees in writing
at the time of hire (and thereafter when their rate of pay changes) of their regular hourly
rate of pay, their corresponding overtime rate of pay, and their regularly designated
payday.  *See* New York Labor Law § 195(1).  In addition, the NYLL requires employers
to furnish employees with a statement with every payment of wages, listing gross wages,
deductions, and net wages.  *See* N.Y. Lab. Law § 195(3); New York Labor Law §195(1)
(requiring employers to notify employee of rate of pay and regular pay day); 12
N.Y.C.R.R. § 142-2.7.  Plaintiff alleges that Defendants failed to provide him with a
wage notice upon hire or during his employment when his rate of pay changed; nor did
Defendants provide Plaintiff with a wage statement upon paying him his cash wages.

**C.**   **<u>Plaintiff asserts the following Under Both the FLSA and NYLL</u>**

1.   <u>Personal Liability of Defendant Eliodromytis as an Employer</u>.

Plaintiff seeks a finding that Defendant Eliodromytis was Plaintiff's employer for
purposes of the FLSA and NYLL.  The Second Circuit has identified two considerations
to provide guidance as to whether a defendant qualifies as an employer under the FLSA
and NYLL.  *See Irizarry v. Castimatidis*, 722 F. 3d 99, 104 (2d Cir. 2013).  First, the fact
finder must consider evidence as to the individual defendant's "authority over
management, supervision, and oversight of [a company's affairs] in general," i.e., the
individual's "operational control."  *Id.* at 107, 111.  The second inquiry is as to the
evidence of the defendant's "direct control" over the plaintiff employee.  *Id.* at 111.  In
this state, the Court considers: "[W]hether the alleged employer (1) had the power to hire
and fire the employee, (2) supervised and controlled the employee work schedules or

conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter v. Dutchess Community College*, 735 F. 2d 8, 12 (2d Cir. 1984). No factor is dispositive. Rather each factor's impact on the analysis must be considered under the totality of the circumstances. *See Irizarry*, 722 F. 3d at 116.

     **D.**   **Defendants' Defenses**

1.     Plaintiff is not owed any wages for compensable overtime hours as he did not work all of the hours that he alleges he worked.

2.     Plaintiff was paid more than the applicable minimum wage during the time of his employment from April 2017 through August 2019.

3.     Plaintiff was paid at least the applicable New York minimum wage for each hour worked in accordance with NYLL § 652 and 12 NYCRR § 142-2.1.

4.     Plaintiff is not owed any spread-of-hours premium pay because he did not work in excess of 10 hours in any given day. 12 NYCRR § 142-2.4.

5.     Plaintiff is not owed statutory penalties pursuant to NYLL § 195(1) because plaintiff was provided with all required wage notices upon re-hire and upon a change in rate of pay.

6.     Plaintiff is not owed statutory penalties pursuant to NYLL § 195(3) because plaintiff was provided with all required wage statements.

7.     Defendants' actions regarding payroll practices and compliance with the NYLL and/or the FLSA were in good faith and defendants had reasonable grounds to believe their actions were in compliance with the law.

8.      Plaintiff is not owed liquidated damages for statutory penalties pursuant to NYLL § 195.

9.      The action is barred, in whole or in part, as to all the hours allegedly worked by plaintiff that were not reported in accordance with any applicable policies or procedures.

10.     Plaintiff was paid all monies owed to him.

**E.      Defendants' Previously Asserted Defenses Not To Be Tried**

Defendants will not try their Eighth Defense as pled in their Answer to Complaint.

## V.      STATEMENT AS TO WHETHER CASE TO BE TRIED WITH OR WITHOUT A JURY

### A.  Plaintiff's Statement

The case is to be tried with a jury.  Plaintiff anticipates a five (5) day trial.

### B.  Defendants' Statement

Defendants believe the case can be tried without a jury.  If tried without a jury, defendants would anticipate a 2-3 day trial.

## VI.      STATEMENT REGARDING MAGISTRATE JUDGE JURISDICTION

The parties do not consent to trial of the case by the assigned Magistrate Judge.

## VII.      STIPULATIONS OF FACT AND LAW AGREED TO BY THE PARTIES

### A.  Stipulations of Fact

(1)      Defendant, K&T Provisions, Inc., is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 37-11 Broadway, Astoria, New York 11103.

(2)      Defendant, K&T Provisions, Inc., owns and operates a butcher shop doing business as "K&T Meat Market," located at 37-11 Broadway, Astoria, New York 11103 (the "Meat Market").

(3)      At all times relevant hereto, defendant Robinson Eliodromytis was the sole shareholder of K&T Provisions, Inc., and owner of the Meat Market.

(4)      At all times relevant hereto, defendant Robinson Eliodromytis also acted a manager of the Meat Market.

(5)      At all times relevant hereto, defendant Robinson Eliodromytis is the person who made the decision to hire and fire employees at the Meat Market

(6)      At all times relevant hereto, defendant Robinson Eliodromytis is the person who established the work hours and work schedules of the Meat Market's employees.

(7)      At all times relevant hereto, defendant Robinson Eliodromytis is the person who monitored the work hours of the Meat Market's employees.

(8)      Defendant Robinson Eliodromytis is the person who manually created time and pay records relating to the Meat Market's employees.

(9)      At all times relevant hereto, defendant Robinson Eliodromytis is the person who established the employees' rate of pay.

(10)      The relevant statutory period in dispute is from November 19, 2014 until August 3, 2019 (the "Relevant Period").

(11)      Plaintiff was not required to punch a time clock at the beginning or end of his work shift.

7

(12)    During the Relevant Period, the Meat Market operated six (6) days per week.

(13)    Plaintiff was paid in cash.

(14)    Plaintiff's last day of employment was August 3, 2019.

(15)    K&T operates a retail butcher shop.

(16)    Plaintiff has no contemporaneous written evidence of his employment at K&T prior to November 2014.

(17)    Plaintiff has no contemporaneous written evidence of his employment after November 2014.

(18)    Plaintiff did not unlock the doors to the K&T store in the morning.

(19)    Plaintiff did not lock the doors to the K&T store in the evening.

(20)    Plaintiff did not have a key to the K&T butcher shop.

(21)    Plaintiff did not keep or maintain a contemporaneous record of the days or number of hours he worked from November 2014 through August 2019.

(22)    Plaintiff worked on a fixed daily schedule each week that he worked.

(23)    Plaintiff did not make deliveries after 6:00 P.M.

(24)    Plaintiff ate lunch during his workday.

(25)    Plaintiff does not have any documentary evidence to support the allegation that he worked at least 12 hours per day, six days per week, from Nov 2014 through August 2019.

(26)    Plaintiff signed at least one Time Sheet.

(27)    Plaintiff had a physical altercation with Salvador Roldan.

B. **Stipulations of Law**

(1)    Defendant Eliodromytis was Plaintiff's employer under the FLSA.

(2)    Defendant Eliodromytis was Plaintiff's employer under the NYLL.

(3)    Between 2017 and 2019, Defendant K&T Provisions, Inc., was an "enterprise engaged in commerce" within the meaning of the FLSA in that it (a) had employees engaged in commerce or in the production of goods for commerce, or that handled, sold, or otherwise worked on goods or materials that have been moved in or produced for commerce, and (b) had an annual gross volume of sales of not less than $500,000.

(4)    Between 2014 and 2019, 29 U.S.C. § 206(a) requires an employer to pay an employee a minimum hourly rate of not less than $7.25 per hour.

(5)    The New York State statutory minimum wage as applicable to this matter is as follows:

2014: $8.00 per hour

2015: $8.75 per hour

2016: $9.00 per hour

2017: $10.50 per hour

2018: $12.00 per hour

2019: $13.50 per hour

12 NYCRR § 142-2.1.

(6)    The statutory overtime rate means the rate of time and one-half the employee's regular rate of pay (if that rate exceeds the statutory minimum), or time and

one-half the statutory minimum wage rate (if the employee's rate of pay is below the statutory minimum).

(7)     29 U.S.C. § 207(a) requires an employer to pay an employee "one and one-half times the regular rate" at which he is employed for all hours worked in excess of forty (40) in a week.

(8)     12 NYCRR § 142-2.2 requires an employer to pay an employee "one and one-half times the employee's regular rate" at which he is employed for all hours worked in excess of forty (40) in a week.

(9)     12 NYCRR § 142-2.4 requires an employer to pay an employee "one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage…for any day in which" the employee's shift exceeds ten (10) hours.

(10)    NYLL § 195(3) requires employers to provide employees with wage statements together with the employee's earnings that states, among other categories of information, the number of hours an employee worked, any allowances or deductions the employer is taking from the employees' wages, and the employer's address and telephone number.

(11)    NYLL § 195(1) require employers to notify employees in writing at the time of hire (and thereafter when their rate of pay changes) of their regular hourly rate of pay, their corresponding overtime rate of pay, and their regularly designated payday.

## VIII.   TRIAL WITNESSES

### A. Plaintiff's Witnesses:

Plaintiff reserves the right to call any of Defendants' witnesses and to any ally additional witnesses for rebuttal as may be permitted by the Court.   Subject to the foregoing, Plaintiff expects to call the following fact witnesses as part of his case in chief:

1. Plaintiff Jose Torres

   Plaintiff will testify about his employment with Defendants, including length of employment, work schedule/hours, job duties, rates and method of pay and Defendants' alleged record keeping practices.

2. Defendant Robinson "Robert" Eliodromytis
   [Adverse Party]

3. Santiago Ramirez
   [Address to be Provided]
   (917) 376-7780
   [Non-Party]

   Mr. Ramirez is a former long-standing employee of the Defendants, and was one of Plaintiff's former co-workers.   Mr. Ramirez has information related to Plaintiff's dates of employment, job duties, and work hours/schedule.

   [Defendants will object to the potential trial testimony of Mr. Ramirez by motion *in limine*  on the grounds that he is bound by the terms of certain confidentiality provisions contained in a Settlement and General Release Agreement and pursuant to FRE 401, 402 and 403.]

4. Jorge Ramirez Navarro (a/k/a El Cedillo)
   3042 93rd Street
   East Elmhurst, NY 11369
   (347) 771-0497
   [Non-Party]

   Mr. Navarro is a former long-standing employee of the Defendants, and was one of Plaintiff's former co-workers.   Mr. Navarro has information related to Plaintiff's dates of employment, job duties, and work hours/schedule.

[Defendants will object to the potential trial testimony of Mr. Navarro by motion *in limine* pursuant to FRE 401, 402 and 403.]

5.      Salvador Roldan
c/o Joseph & Kirschenbaum LLP
32 Broadway, Suite 601
New York, New York 10004
(212) 688-5640
[Non-Party]

Mr. Roldan is a former long-standing employee of the Defendants, and was one of Plaintiff's former co-workers.  Mr. Roldan has information related to Plaintiff's dates of employment, job duties, and work hours/schedule.

All testimony will be in person.

**B.  Defendants' Witnesses:**

Defendants reserve the right to call any of Plaintiff's witnesses and to call any additional witnesses for rebuttal as may be permitted by the Court.  Subject to the foregoing, Defendants intend to call the following fact witness to testify about the following summarized issues:

1.      Defendant Robinson Eliodromytis
Mr. Eliodromytis will testify in-person regarding defendants' defenses, their timekeeping and compensation policies, and his own duties and practices at K&T.  He will also testify about plaintiff's employment, compensation, work schedule, and hours worked.

2.      Simon Oprea
c/o K&T Meats
37-11 Broadway
Astoria, NY 11105
Mr. Oprea will testify in-person about Plaintiff's employment with Defendants.

[Plaintiff objects to the potential trial testimony of Mr. Oprea on the grounds that Defendants failed to identify Mr. Oprea as a potential witness during discovery, most specifically in Defendants' Initial Disclosures and Answers to Interrogatories. Plaintiff reserves the right to move to preclude Mr. Oprea's anticipated testimony in accordance with Fed. R. Civ. P. 26 and 37 in a pre-trial motion *in limine*.  *See Torres v. Sushi Sushi Holdings,*

*Inc.*, No. 19 Civ. 2532, 2021 U.S. Dist. LEXIS 100474, at *9-14 (S.D.N.Y. May 27, 2021)].

[Defendants respond that the requirements of initial disclosures under Fed. R. Civ. P. 26(a)(1) were waived by court Order of Magistrate Peggy Kuo. Further, defendants disclosed the existence of co-workers as potential witnesses in their Responses to Plaintiff's First Set of Interrogatories and Mr. Oprea was identified by defendant Eliodromytis in his deposition.]

3.    Raul Munoz
      c/o K&T Meats
      37-11 Broadway
      Astoria, NY 11105
      Mr. Munoz will testify in person about Plaintiff's employment
      with Defendants.

      [Plaintiff objects to the potential trial testimony of Mr. Munoz on the grounds that Defendants failed to identify Mr. Munoz as a potential witness during discovery, most specifically in Defendants' Initial Disclosures and Answers to Interrogatories. Plaintiff reserves the right to move to preclude Mr. Munoz's anticipated testimony in accordance with Fed. R. Civ. P. 26 and 37 in a pre-trial motion *in limine*. *See Torres v. Sushi Sushi Holdings, Inc.*, No. 19 Civ. 2532, 2021 U.S. Dist. LEXIS 100474, at *9-14 (S.D.N.Y. May 27, 2021)].

      [Defendants respond that the requirements of initial disclosures under Fed. R. Civ. P. 26(a)(1) were waived by court Order of Magistrate Peggy Kuo. Further, defendants disclosed the existence of co-workers as potential witnesses in their Responses to Plaintiff's First Set of Interrogatories and Mr. Munoz was identified by defendant Eliodromytis in his deposition.]

4.    Demetrios Tsiavos
      c/o Broadway Meat Market
      21-09 21st Avenue
      Astoria, NY 11105
      Mr. Tsiavos will testify in person about plaintiffs' work experience
      and qualifications.

      [Plaintiff objects to the potential trial testimony of Mr. Tsiavos on the grounds that Defendants failed to identify Mr. Tsiavos as a potential witness during discovery, most specifically in Defendants' Initial Disclosures and Answers to Interrogatories. Plaintiff reserves the right to move to preclude Mr. Tsiavos's

anticipated testimony in accordance with Fed. R. Civ. P. 26 and 37 in a pre-trial motion *in limine*. *See Torres v. Sushi Sushi Holdings, Inc.*, No. 19 Civ. 2532, 2021 U.S. Dist. LEXIS 100474, at *9-14 (S.D.N.Y. May 27, 2021)].

[Defendants respond that Mr. Tsiavos' identity was not known at the time defendants' Responses to Plaintiff's First Set of Interrogatories, but that nonetheless his subpoenaed deposition testimony was noticed to plaintiff and plaintiff chose not to appear and examine the witness.]

[Plaintiff responses that, contrary to Defendants' contention, Plaintiff was made aware of Mr. Tsiavos' originally scheduled deposition, which had to be adjourned due to a conflict in the witnesses' schedule. However, Defendants never made Plaintiff aware of any rescheduled deposition date and, therefore, Plaintiff did not appear for the deposition and was never provided with the witnesses' deposition transcript. Nevertheless, Mr. Tsiavos, as Plaintiff's subsequent employer, has no knowledge or information about Plaintiff's employment by Defendants, Plaintiff's claims, or Defendants' defenses and, therefore, should be precluded from testifying in this matter.]

## IX.   **DEPOSITION TESTIMONY DESIGNATIONS**

The parties do not anticipate that any witnesses will be unavailable to testify at trial. Accordingly, the parties have not designated any deposition testimony to be introduced at trial in lieu of live witness testimony. Both parties reserve the right to use deposition testimony during their case in-chief, cross-examination, and for impeachment purposes.

## X.   **EXHIBITS**

Set forth below are lists of each party's respective proposed exhibits. The parties reserve the right to introduce any exhibit identified by the opposing party in their respective cases in chief. The parties reserve the right to introduce any exhibit on cross-examination and/or for impeachment purposes even if not listed below.

### A.  Plaintiff

| Exhibit Number | Description | Objection(s), if any |
|---|---|---|
| 1. | Defendants' Answers to Interrogatories | |
| 2. | Defendants' Supplemental Answers to Interrogatories | |
| 3. | July 11, 2013 Photo | FRE 401, 402 and 403; FRE 802.  If proposed into evidence, defendants will argue that the documents are irrelevant, prejudicial and hearsay. |
| 4. | November 23, 2013 Photo | FRE 401, 402 and 403; FRE 802.  If proposed into evidence, defendants will argue that the documents are irrelevant, prejudicial and hearsay. |
| 5. | February 9, 2017 Photo | FRE 401, 402 and 403; FRE 802.  If proposed into evidence, defendants will argue that the documents are irrelevant, prejudicial and hearsay. |
| 6. | March 15, 2017 Photo | FRE 401, 402 and 403; FRE 802.  If proposed into evidence, defendants will argue that the documents are irrelevant, prejudicial and hearsay. |
| 7. | March 31, 2017 Photo | FRE 401, 402 and 403; FRE 802.  If proposed into evidence, defendants will argue that the documents are irrelevant, prejudicial and hearsay. |
| 8. | FLSA Complaint – Ramirez v. K&T Provisions, Inc., et al. Case No. 15-CV-5657 (E.D.N.Y.), Dkt. No. 1 | FRE 401, 402 and 403. If proposed into evidence, defendants will argue that the documents are irrelevant and prejudicial. |
| 9. | Defendants' Supplemental Responses to Plaintiff's Request for Production | |

| 10. | Defendants' Weekly Time Sheets for weeks ending 2/1/14, 2/8/14, and 2/15/14 | FRE 401 and 402. If proposed into evidence, defendants will argue that the documents are irrelevant. |
| 11. | FLSA Complaint – Roldan v. K&T Provisions, Inc., et al. Case No. 21-CV-4604 (E.D.N.Y.), Dkt. No. 1 | FRE 401, 402 and 403. If proposed into evidence, defendants will argue that the documents are irrelevant and prejudicial. |

**B. Defendants**

| Exhibit | Description | Objection(s), if any |
|---------|-------------|----------------------|
| A. | Plaintiff's Weekly Time Sheets | |
| B. | Plaintiff's Wage Notices/Notices of Pay | |
| C. | Weekly Time Sheets for Salvador Roldan | FRCP 26(a), 37(c). Defendants have not produced these records during discovery and should be excluded from introducing them as evidence at trial. Plaintiff will further object to the submission of these records into evidence on grounds of relevance, prejudice, and hearsay under FRE 401, 402, 403, 802. |
| D. | Wage Notices/Notices of Pay for Salvador Roldan | FRCP 26(a), 37(c). Defendants have not produced these records during discovery and should be excluded from introducing them as evidence at trial. Plaintiff will further object to the submission of these records into evidence on grounds of relevance, prejudice, and hearsay under FRE 401, 402, 403, 802. |

16

| E. | Plaintiff's Responses to Requests for Admissions | |
| F. | Plaintiff's Answers and Objections to Defendants' First Set of Interrogatories | |
| G. | Plaintiff's Answer and Objections to Defendants' Second Set of Interrogatories | |

Dated:  New York, New York
         August 4, 2023

Respectfully Submitted,

For Plaintiff:

CILENTI & COOPER, PLLC
60 East 42nd Street – 40th Floor
New York, New York 10165
T. (212) 209-3933
F. (212) 209-7102

By:     /s/ *Justin Cilenti*
        Justin Cilenti

For Defendants:

LAW OFFICES OF ALBERT RIZZO, P.C.
110 East 59th Street, 22nd Floor
New York, New York 10022
T. (212) 679-5799

By:     /s/ *Albert Rizzo*
        Albert Rizzo

SO ORDERED

_____
Hon. William F. Kuntz, U.S.D.J.