UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JOSE ANTONIO TORRES,

                                Plaintiff,

             -against-                                     **REPORT AND**
                                                  **RECOMMENDATION**

K & T PROVISIONS, INC. *et al.*,                  20-CV-5642 (WFK)(MMH)

                                Defendants.
-------------------------------------------------------------------x
**MARCIA M. HENRY**, United States Magistrate Judge:

       Plaintiff Jose Antonio Torres sued Defendants K &T Provisions, Inc. (d/b/a K&T Meat Market) and Robert Eliodromytis, alleging unpaid minimum and overtime wages in violation of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law (the "NYLL"), N.Y. Lab. Law §§ 190 and 650 *et seq.* (*See generally* Compl., ECF No. 1.)[1] The parties settled the claims and separately agreed that Plaintiff could seek attorneys' fees upon motion and on consent. (*See* Mot. for Settlement Approval ("*Cheeks* Mot."), ECF No. 45.) The Honorable William F. Kuntz, II approved the settlement terms pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). (*See* July 11, 2024 Order, ECF No. 49.) Before the Court is Plaintiff's motion for attorneys' fees, pursuant to the FLSA, 29 U.S.C. § 216(b), and NYLL §§ 198(1-a) and 663(1). (Pl.'s Mot., ECF No. 46.) Judge Kuntz referred the motion for report and recommendation. For reasons set forth below, the Court respectfully recommends that Plaintiff's motion should be **granted**.

---

[1] All citations to documents filed on ECF are to the ECF document number and pagination in the ECF header unless otherwise noted.

I.  **BACKGROUND**

As alleged, K&T operated a butcher store located in Astoria, Queens. (Compl., ECF No. 1 ¶ 7.) Eliodromytis, the owner of K&T, actively participated in the day-to-day operations of the Market and supervised employees, including Plaintiff. (*Id.* ¶¶ 8, 17.) In or about 2006, K&T's prior owners hired Plaintiff to work as a sausage-maker for the Market. (*See id.* ¶ 19; *see also Cheeks* Mot., ECF No. 45 at 2.) Defendants assumed ownership and control of the Market in 2012 and retained Plaintiff to work at the Market thereafter until his employment ended in August 2019. (Compl., ECF No. 1 ¶ 21.)

The parties dispute Plaintiff's employment status, the number of hours Plaintiff worked, and whether he was paid for all hours worked. (*Cheeks* Mot., ECF No. 45 at 2.) Plaintiff alleges that, during the relevant six-year limitations period between November 2014 through August 2019, he worked full-time, six days per week, for 12 to 13 hours per day. (*Id.*; *see also* Compl., ECF No. 1 ¶¶ 23, 25.) Plaintiff further claims he was paid $500 per week in cash (and starting in July 2019, $600 per week), and received no wage statements or notices. (Compl., ECF No. 1 ¶¶ 20, 25–26.) Defendants contend that Plaintiff worked at the Market part-time for approximately six or seven weeks per year, typically around major holidays, and only for three days or 27 hours per week. (*Cheeks* Mot., ECF No. 45 at 2.) Defendants also assert that Plaintiff was paid on an hourly basis at or above the applicable minimum wage rate. (*Id.*)

Plaintiff filed this action on November 19, 2020, alleging unpaid minimum wages and overtime pay, in violation of the FLSA and the NYLL, and unpaid spread of hours and failure to provide wage statements and notices, in violation of the NYLL. (*See generally* Compl., ECF No. 1.) The Court referred the parties to mediation, but the case did not settle. (ECF Nos. 5, 9.) On June 4, 2021, the Court entered a discovery schedule and later attempted to

2

conduct a settlement conference, but was unsuccessful.  (June 4, 2021 Min. Entry; Nov. 2, 2021 Min. Entry.)  Over the next 18 months, the parties conducted discovery and engaged in related motion practice.  (*See, e.g.*, ECF Nos. 13–17 (letters filed between December 2021 and July 2022 seeking discovery deadline extensions); ECF Nos. 18–21 (Defendants' motion to compel); ECF Nos. 26–28 (Plaintiff's motion to compel.).)  The parties attempted another settlement conference in April 2023, again without success.  (April 27, 2023 Min. Entry.)  Eventually, the parties filed a joint pretrial order.  (ECF No. 33.)

At a pretrial conference on January 18, 2024, the Court reopened limited discovery for depositions and production of additional time records.  (Jan. 19, 2024 Order, ECF No. 36.)  The Court referred the parties to mediation upon request, but the parties did not resolve the case at that time.  (Jan. 22, 2024 Order, ECF No. 37; Mar. 18, 2024 ADR Report of Mediation.)  However, by May 13, 2024, the parties reported a settlement in principle.  (ECF No. 40.)

After several extensions of time, on July 10, 2024, the parties jointly moved for settlement approval pursuant to *Cheeks*.  (*Cheeks* Mot., ECF No. 45.)  In a settlement agreement executed on June 6, 2024 (Plaintiff) and June 13, 2024 (Defendants), the parties agreed that Defendants would pay Plaintiff $30,000 in consideration for dismissal of all claims in this action and that "Plaintiff shall file, on consent, a separate application with the Court requesting the recovery of reasonable attorneys' fees and costs."  (Settlement Agt., ECF No. 45-1 ¶¶ 1, 7.)  In a separate written agreement executed on June 13, 2024 (Defendants) and June 19, 2024 (Plaintiff), the parties agreed that Defendants would pay Plaintiff's counsel $30,000 in attorneys' fees.  (2d Settlement Agt., ECF No. 47-2 ¶ 1.)  On July 10, 2024, Plaintiff also moved for attorneys' fees consistent with the settlement terms.  (Pl.'s Mot., ECF No. 46.)  The Court approved the parties' stipulation of dismissal with prejudice and closed the action

3

on July 11, 2024.  (July 11, 2024 Order, ECF No. 49.)  The motion for attorneys' fees was referred for report and recommendation.  (Aug. 5, 2024 Order, ECF No. 51.)

In the motion, Plaintiff seeks an award of $30,000 to his counsel as stated in the parties' second settlement agreement.  (Pl.'s Mem., ECF No. 48 at 11.)[2]  Plaintiff submits contemporaneous time records for 162.8 hours billed between October 19, 2020 and July 20, 2024 and recorded by attorney Justin Cilenti and paraprofessional Marcela Cardoso at the law firm Cilenti & Cooper, PLLC ("the Firm").  (*See generally* Cilenti Decl. Ex. A, ECF No. 47-1 ("Time Records").)[3]  The time records are maintained on the Firm's computer system and reviewed by the lead attorney in the case.  (Cilenti Decl., ECF No. 47 ¶¶ 4, 14.)

## II.  DISCUSSION

### A.  Legal Standard

"Both the FLSA and NYLL are fee-shifting statutes which entitle a plaintiff to an award of reasonable attorney's fees and costs in wage-and-hour actions."  *Callari v. Blackman Plumbing Supply, Inc.*, No. 11-CV-3655 (ADS)(AKT), 2020 WL 2771008, at *6 (E.D.N.Y. May 4, 2020), *adopted by* 2020 WL 2769266 (E.D.N.Y. May 28, 2020); 29 U.S.C. § 216(b) ("The court in such action [to recover liability prescribed in the FLSA] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); N.Y. Lab. Law § 198(1-a) ("In any action instituted

---

[2] Counsel avers that its costs were waived "in an effort to enable the parties to reach a resolution." (Cilenti Decl., ECF No. 47 ¶ 9.)

[3] Plaintiff failed to state the total number of hours Mr. Cilenti and Ms. Cardoso each billed.  A better practice to expedite and aid the Court's review of any attorneys' fee application is to state the number of hours billed per timekeeper for each requested hourly rate, especially where one timekeeper seeks multiple hourly rates.  (*See* § II.B., *infra*.).

4

in the courts upon a wage claim by an employee . . . in which the employee prevails, the court shall allow such employee to recover . . . all reasonable attorney's fees[.]"). "Agreements for attorneys' fees must be reviewed for reasonableness, no less than any other part of an FLSA settlement." *Li v. HLY Chinese Cuisine Inc.*, 596 F. Supp. 3d 439, 451 (E.D.N.Y. 2022); *see also Caceres v. Brentwood Farmers Mkt., Inc.*, No. 20-CV-3476 (AKT), 2021 WL 3276637, at *2 (E.D.N.Y. May 4, 2021) ("FLSA settlements entered into pursuant to a stipulated dismissal with prejudice represent a special type of contract because district courts are required to review these settlements for reasonableness[.] . . . The obligation extends to the reasonableness of attorneys' fees and costs.") (quoting *Fisher v. SD. Prot., Inc.*, 948 F.3d 593, 606 (2d Cir. 2020)) (internal citations omitted). "Additionally, in an individual FLSA action (as opposed to a collective or class action) in which the parties settle the fee through negotiation, the 'range of reasonableness' for attorneys' fees is greater than in a collective or class action, though courts must nevertheless carefully scrutinize the settlement, including to ensure that counsel's pecuniary interest 'did not adversely affect the extent of relief counsel procured for the client.'" *Abreu v. Congregation Yetev Lev D'Satmar Meats & Poultry, Inc.*, No. 17-CV-272 (KAM)(LB), 2019 WL 2526087, at *4 (E.D.N.Y. June 19, 2019) (quoting *Wolinsky v. Scholastic*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012)).

"[T]he lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)). "The method for determining reasonable attorneys' fees in this Circuit is based on several factors, such as the labor and skill required, the difficulty of the issues, the attorney's customary hourly rate, the experience,

5

reputation, and ability of the attorney, and awards in similar cases." *Treyger v. First Class Furniture & Rugs Inc.*, No. 21-CV-2902 (EK)(RLM), 2022 WL 543026, at *7 (E.D.N.Y. Jan. 10, 2022) (citing *Arbor Hill*, 522 F.3d at 186 n.3, 190), *adopted by* 2022 WL 541795 (E.D.N.Y. Feb. 23, 2022). "District courts have broad discretion to determine the amount of attorneys' fees awarded, and the party requesting fees must submit documentation to support its request." *Perry v. High Level Dev. Contracting & Sec. LLC*, No. 20-CV-2180 (AMD)(PK), 2022 WL 1018791, at *14 (E.D.N.Y. Mar. 16, 2022), *adopted by* 2022 WL 1017753 (E.D.N.Y. Apr. 5, 2022). However, "[t]here is no explicit limit on attorneys' fees in FLSA actions," and "a fee may not be reduced merely because the fee would be 'disproportionate to the financial interest at stake in the litigation.'" *Fisher*, 948 F.3d at 603–04 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)).

### B. Hourly Rates

Courts must determine if the requested hourly rate is "what a reasonable, paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 184. "In what has become known as the 'forum rule,' courts assess the reasonableness of hourly rates by comparing the rates requested with the prevailing rates charged by attorneys practicing in the district where the court sits." *Abularach v. High Wing Aviation LLC*, No. 22-CV-1266 (MKB), 2025 WL 405986, at *6 (E.D.N.Y. Feb. 5, 2025) (citing *Kyros L. P.C. v. World Wrestling Ent., Inc.*, 78 F.4th 532, 547 (2d Cir. 2023); *see also Dacas v. Duhaney*, No. 17-CV-3568 (EK)(SMG), 2020 WL 4587343, at *3 (E.D.N.Y. June 18, 2020) ("This rate should be based on rates 'prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation.'") (quoting *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998)), *adopted by* 2020 WL 4586371 (E.D.N.Y. Aug. 10, 2020). "'Courts in the Eastern District have recently

6

awarded hourly rates ranging from $300 to $450 for partners, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for legal support staff in FLSA cases.'" *Yunganaula v. D.P. Grp. Gen. Contractors/Devs. Inc.*, No. 21-CV-2015 (CBA)(MMH), 2023 WL 2707024, at *7 (E.D.N.Y. Mar. 30, 2023) (quoting *Diaz v. Rene French Cleaners, Inc.*, No. 20-CV-3848 (RRM)(RER), 2022 WL 4646866, at *13 (E.D.N.Y. Aug. 29, 2022)), *adopted by* 2022 WL 4662247 (E.D.N.Y. Sept. 30, 2022); *see also Quispe v. Stone & Tile Inc.*, 583 F. Supp. 3d 372, 380 (E.D.N.Y. 2022) ("In this district, law firm partners in FLSA cases generally receive between $300 and $450 per hour.") (collecting cases).

Plaintiff ostensibly requests an hourly rate of $400 for Mr. Cilenti and $100 for Ms. Cardoso. (Pl.'s Mem., ECF No. 48 at 6–8.)[4] In one time entry, however, Mr. Cilenti bills $200 per hour for travel to and from the Court's January 18, 2024 pretrial conference. (Time Records, ECF No. 47-1 at 17.) Mr. Cilenti was admitted to practice in 1997, co-founded the Firm in 2009, and has handled over 1,000 federal wage and hour cases in New York and New Jersey. (Cilenti Decl., ECF No. 47 ¶¶ 10, 12.) Mr. Cilenti further avers that the Firm's clients customarily and routinely pay this hourly rate. (*Id.* ¶ 13.) Ms. Cardoso "performed paralegal and translation duties" in this case, including reviewing and analyzing Plaintiff's claims, attending meetings and teleconferences, and assisting in trial preparation. (Pl.'s Mem., ECF No. 48 at 8.)

---

[4] The time entry on September 14, 2022, "Review email from A. Rizzo re: outstanding discovery," does not include a timekeeper's initials, but the Court infers that Mr. Cilenti completed this task because it is billed at the $400 hourly rate and is consistent with similar tasks that Mr. Cilenti completed. (Time Records, ECF No. 47-1 at 11.)

7

The Court finds that the requested hourly rates are reasonable. First, Mr. Cilenti's and Ms. Cardoso's hourly rates are within the typical range of fee awards for similarly experienced partners and legal support staff, respectively, in wage and hour cases. *See, e.g.*, *Yunganaula*, 2023 WL 2707024, at *7 (approving $400 hourly rate for partner with 17 years' experience in wage and hour cases); *Griffin v. Garrison Protective Servs., Inc.*, No. 22-CV-4073 (CLP), 2023 WL 11852410, at *5 (E.D.N.Y. Mar. 22, 2023) (in lodestar cross-check, approving $400 hourly rate for attorney with 18 years' experience in employment law work). Second, numerous courts have awarded similar fees to Mr. Cilenti for representing plaintiffs in wage and hour matters. *See, e.g.*, *Lazo v. Rays Inc. 1*, No. 23-CV-6939 (DEH), 2024 WL 3273123, at *2 (S.D.N.Y. July 2, 2024) (approving $400 per hour for attorney time); *Cuellar v. Kings Juice Bar Deli Grill Inc.*, No. 23-CV-4293 (EK)(RML), 2024 WL 2940184, at *9 (E.D.N.Y. May 7, 2024) ("$400 per hour for Mr. Cilenti and $100 per hour for Ms. Cardoso are reasonable rates."), *adopted in part & rejected in part on other grounds sub nom. Cuellar v. Kings Juice Bar Deli Inc.*, No. 23-CV-4293 (EK)(RML), 2024 WL 3063792 (E.D.N.Y. June 20, 2024); *Guerra v. Bunny Deli Inc.*, No. 22-CV-3498 (VSB), 2023 WL 4706129, at *3–4 (S.D.N.Y. July 24, 2023) (approving $400 per hour for Mr. Cilenti and $100 per hour for Ms. Cardoso).[5] Indeed, Ms. Cardoso's rate is justified especially because she was the Firm's primary point of contact with Plaintiff, and used her language skills not only to translate for Plaintiff at mediation and depositions but also to speak with potential trial witnesses. *See Contreras v. Karizma Lounge Corp.*, No. 20-CV-5167 (ER), 2023 WL 3853347, at *2–3 (S.D.N.Y. May 8, 2023) (approving $100 hourly rate for Spanish-speaking paralegal who communicated with

---

[5] Plaintiff also lists additional cases approving these rates. (*See* Pl.'s Mem., ECF No. 48 at 7.)

8

Spanish-speaking plaintiff). Finally, "[a]s to the hourly rate for travel, 'travel time is appropriately reimbursed at one-half of the determined hourly rate.'" *Torcivia v. Suffolk Cnty.*, 437 F. Supp. 3d 239, 256 (E.D.N.Y. 2020) (quoting *Cabrera v. Schafer*, No. 12-CV-6323 (ADS)(AKT), 2017 WL 9512409, at *13 (E.D.N.Y. Feb. 17, 2017)).

Accordingly, the Court respectfully recommends that the lodestar should be calculated based on an hourly rate of $400 for Mr. Cilenti and $100 for Ms. Cardoso, except that the travel time incurred on January 18, 2024 should be based on an hourly rate of $200 for Mr. Cilenti.

      **C.**     **Hours Billed**

"For purposes of determining a reasonable fee, the number of hours billed must also be reasonable[.]." *Abreu*, 2019 WL 2526087, at *5. "The number of hours spent on a lawsuit are considered unreasonable if they are excessive, redundant, or unnecessary." *Feltzin v. Union Mall LLC*, 393 F. Supp. 3d 204, 211 (E.D.N.Y. 2019). "If the Court finds that some of the time the attorney billed was not reasonably necessary, it should reduce the time for which compensation is awarded accordingly." *Perry*, 2022 WL 1018791, at *14 (cleaned up).

The contemporaneous time records in this case reflect "an appropriate amount of time . . . allocated to each task billed, all of which appear essential to achieving a successful outcome for the Plaintiff." *Castillo v. Ocean 21, LLC*, No. 22-CV-786 (RPK)(RER), 2022 WL 18858980, at *4 n.1 (E.D.N.Y. Nov. 1, 2022), *adopted by* Order Adopting R. & R., *Castillo v. Ocean 21, LLC*, No. 22-CV-786 (RPK)(RER) (E.D.N.Y. Nov. 16, 2022). According to the time records, the Firm provided services for 162.8 total hours in this case, of which Mr. Cilenti billed 135.9 hours and Ms. Cardoso billed 26.9 hours. (*See generally* Time Records, ECF No. 47-1.) These totals reflect the many tasks Mr. Cilenti completed to

9

prosecute the case, such as reviewing, analyzing, and drafting pleadings and discovery requests and responses, preparing for and taking or defending depositions, drafting motion papers, and preparing correspondence with the Court. (*See generally id*.) Moreover, the Court personally presided over proceedings in which Mr. Cilenti presented oral argument and/or Ms. Cardoso interpreted in Spanish to permit Plaintiff to participate fully. (*E.g.*, Oct. 19, 2022 Min. Entry & Order (hearing on Defendants' motion to compel); Apr. 27, 2023 Min. Entry (noting Ms. Cardoso's interpretation of the settlement conference into Spanish).) The hours also reasonably include 6.6 hours spent preparing the instant motion for attorneys' fees. *Feltzin*, 393 F. Supp. 3d at 217 ("Courts also have discretion in awarding attorney's fees for time spent preparing a fee application. These hours should be evaluated "in the same manner as the costs of litigating the case.") (cleaned up); *see also Torcivia*, 437 F. Supp. 3d at 257 (approving 21.9 hours for preparing post-trial attorneys' fee application in multidefendant § 1983 action).

Accordingly, the Court respectfully recommends that the lodestar analysis should be based on 133.3 hours for Mr. Cilenti at the $400 hourly rate, 2.6 hours for Mr. Cilenti at the $200 hourly rate, and 26.9 hours for Ms. Cardoso at the $100 hourly rate.

  **D.**  **Lodestar Analysis**

To determine the lodestar multiplier, the Court divides the requested fee by the product of the approved hourly rate and number of hours billed for each attorney and/or legal support staff. *Li*, 596 F. Supp. 3d at 452; *Yunganaula*, 2023 WL 2707024, at *7. Based on the aforementioned reasonable hourly rates and hours billed, the total attorneys' fees would be

10

$56,530.[6] Dividing the requested fee ($30,000) by the lodestar amount ($56,530) yields a negative multiplier of 0.53. Courts have found that comparable or higher multipliers are reasonable. *See, e.g.*, *Animucka v. Singer*, No. 20-CV-7867 (ER), 2022 WL 16908279, at *3 (S.D.N.Y. Oct. 21, 2022) (approving lodestar multiplier of 0.52); *Quispe*, 583 F. Supp. 3d at 381 (awarding attorneys' fees with lodestar multiplier of 1.4); *Li*, 596 F. Supp. 3d at 452–53 (awarding attorney's fees with lodestar multiplier of 0.81). "Moreover, this total amount of fees . . . is unopposed by Defendant[s], weighing in favor of approval of this amount." *Garay v. Euro Metalsmith*, No. 23-CV-3451 (ARR)(JMW), 2023 WL 8435866, at *7 (E.D.N.Y. Dec. 5, 2023).

### III.  CONCLUSION

For the foregoing reasons, the Court respectfully recommends that Plaintiff's motion for attorneys' fees should be **granted** and that Plaintiff should be awarded **$30,000** in attorneys' fees.

A copy of this Report and Recommendation is being served on all parties via ECF. Within 14 days of service, any party may serve and file specific written objections to this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Any requests for an extension of time to file objections shall be directed to Judge Kuntz. If a party fails to

---

[6] The time records reflect total attorneys' fees of $56,480. (*See* Time Records, ECF No. 47-1 at 22.) According to the Court's calculation, however, the formula ($400 x 133.3 hours) + ($200 x 2.6 hours) + ($100 x 26.9 hours) yields $56,530.

object timely to this Report and Recommendation, it waives any right to further judicial review of this decision. *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
March 28, 2025

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge

12